BARBARA I ANTONUCCI (SBN 209039)
bantonucci@constangy.com
TIFFANY HANSEN (SBN 292850)
thansen@constangy.com
NICHOLAS MORRELL (SBN 327924)
nmorrell@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000
Facsimile: (415) 918-3001

Attorneys for Defendant
JOHNS MANVILLE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD NOWAK<br><br>Plaintiff,<br><br>v.<br><br>JOHNS MANVILLE; and DOES 1 through 30<br><br>Defendants. | Case No.: 5:21-cv-1024<br><br>[Removal from Superior Court of California, County of Riverside, Case No. CVSW2103001]<br><br>**DEFENDANT JOHNS MANVILLE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332, 1441 AND 1446**<br><br>*[Filed concurrently with the Declarations of Barbara Antonucci and Abby Masenheimer]*<br><br>Action Filed: April 14, 2021<br>Removal Date: June 18, 2021<br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Johns Manville ("Defendant"), by and through undersigned counsel, hereby removes this action from the Superior Court of California, County of Riverside, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of such removal, Defendant states as follows:

## I. <u>SUMMARY</u>

### A. Timeliness of Removal

1. On or about April 14, 2021, Plaintiff Richard Nowak ("Plaintiff") commenced the aforementioned action against Defendant in the Superior Court of California, County of Riverside, titled *Richard Nowak v. Johns Manville, a Delaware corporation, and Does 1 through 30*, Case No. CVSW2103001 (the "State Court Action"). (Declaration of Barbara Antonucci ("Antonucci Decl.") ¶ 2.) Plaintiff served Defendant with notice of this action via personal service on May 20, 2021. (Antonucci Decl. ¶ 3, Ex. A ("Complaint").) Defendant filed an Answer to the Complaint on June 17, 2021. (Antonucci Decl. ¶ 4; Ex. B.)

2. This Notice of Removal is timely filed within 30 days of service of process on Defendant, which occurred on May 20, 2021. (Antonucci Decl. ¶ 8, Ex. A.) *See* 28 U.S.C. §§ 1446(b)(1).

### B. Venue

3. Venue is proper in this District, pursuant to 28 U.S.C. §§ 84(c)(1), 1441(a) and 1446(a), because the State Court Action was pending in the Superior Court of California, County of Riverside, which is within the territory of the United States District Court for the Central District of California.

### C. Notice to State Court

4. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file this Notice of Removal with

the clerk of the Superior Court of California, County of Riverside, as further required by that statute.

## II. PROCEDURAL BACKGROUND

5. This lawsuit arises from Plaintiff's employment with Defendant Johns Manville.

6. On April 14, 2021, Plaintiff commenced an action against Defendant by filing a Complaint in the Superior Court of California, County of Riverside, entitled *Richard Nowak v. Johns Manville, and DOES 1 through 30*, Case No. CVSW2103001 (the "State Court Action"). (Antonucci Decl., ¶ 2.)

7. The Complaint asserts the following three causes of action: (1) failure to pay all wages in violation of California Labor Code sections 201 and 227.3; (2) waiting time penalties; and (3) unfair business practices in violation of Business and Professions Code sections 17200 et. seq. (Antonucci Decl., Ex. A, Compl., ¶¶ 17-39.)

8. On May 20, 2021, Plaintiff served Defendant with the Complaint and Summons on the Complaint. (Antonucci Decl., ¶ 3, Ex. A.)

9. On June 17, 2021, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of California, County of Riverside. (Antonucci Decl., ¶ 4, Ex. B.)

10. Pursuant to 28 U.S.C. § 1446(a), the aforementioned pleadings constitute copies of all process, pleadings, and orders on file with the State Court or served upon Defendant in this action. (Antonucci Decl., ¶ 5, Ex. C.)

11. As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this matter. Antonucci Decl. ¶ 6.

## III. TIMELINESS OF REMOVAL

12. Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action must be (1) filed within 30 days after the receipt by Defendant, by service or otherwise, of the initial pleading setting forth the claim for relief, and (2) within one year after the commencement of the action. 28 U.S.C. § 1446(b) and (c); *see also Murphy Bros., Inc.*

*v. Michette Pipe Stringing, Inc*. 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of the summons and complaint).

13. This Notice of Removal is timely filed under 28 U.S.C. § 1446 because (1) it has been filed within 30 days of May 20, 2021, the date Defendant was served with and received the Summons and Complaint in this action; and (2) it has been filed within one year of April 4, 2021, the date Plaintiff filed his Complaint with the State Court. (Antonucci Decl., ¶ 7, Exs. A-B.)

## IV. JURISDICTION AND VENUE ARE PROPER

14. The Court has original jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)-(b).

15. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(1) and 1441(a) because this Court's territorial jurisdiction includes Riverside County, California, where the State Court Action was filed and is pending.

### A. Diversity of Citizenship Exists.

16. Plaintiff is a Citizen of California. For purposes of removal, the citizenship of a natural person is established by his or her domicile. *See* U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Here, there is no question that Plaintiff is a citizen of California. In his Complaint, Plaintiff alleges that he "is a resident of Riverside County, California." (Compl., ¶ 1.) Because there is no evidence to the contrary, Plaintiff is a citizen of the state of California for purposes of this jurisdictional analysis. *See, e.g., Adams v. W. Marine Prod, Inc.* 958 F.3d 1216, 1221 (9th Cir. 2020) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

17. Defendant is Not a Citizen of California. For purposes of establishing diversity, a corporation is deemed to be a "citizen" of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("*Hertz*"). In relevant part, the Supreme Court in *Hertz* explained:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice, it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion). *Id.*; *see also 3123 SMB LLC v. Horn*, (880 F.3d 461, 465 (9th Cir. 2018).

18. Defendant is, and was at the time of the institution of this action, a corporation organized under the laws of the State of Delaware, having its principal place of business in Denver, Colorado. (Declaration of Abby Masenheimer ("Masenheimer Decl."), ¶ 2.) Defendant's corporate headquarters in Denver, Colorado is also its "nerve center" because the majority of its executive, operational and administrative functions are performed from there. (*Id*. at ¶ 3.) As a result, Defendant is a citizen of Delaware and Colorado. 28 U.S.C. § 1332(c)(1).

19. Fictitious "Does" Defendants are Disregarded. Defendants "Does 1 through 30," as set forth in the Complaint, are wholly fictitious. As stated above, the Complaint does not set forth the identity or status of any said fictitious defendants. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of "Doe" defendants

in a state court complaint has no effect on removal). Indeed, federal courts, unlike California state courts, do not recognize the existence of Doe defendants. *See, e.g., Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967). The existence of Doe defendants 1 through 30, therefore, does not deprive this Court of jurisdiction.

20. No other party is named or has been validly served as of the date of this Notice of Removal. Antonucci Decl., ¶ 6.

**B. The Amount in Controversy Exceeds $75,000.00**

21. The U.S. Supreme Court has affirmed that a notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014), citing 28 U.S.C. § 1446(a). Accordingly, a defendant need not submit evidence in support of a removal, but rather need only plausibly allege the amount in controversy exceeds $75,000.00. *Id.* (noting that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

22. The Ninth Circuit recently held that the "amount in controversy" includes all relief claimed at the time of removal to which the plaintiff would be entitled to if she prevails." *Chaves v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). If a complaint is silent as to the amount in controversy, a defendant can establish the amount by allegations in the complaint or by setting forth facts that the amount "more likely than not" exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

23. Plaintiff's Alleged Damages Exceed $75,000.00. In his Complaint, Plaintiff seeks (1) "due and unpaid wages, penalties, and interest thereon pursuant to Labor Code §§§ 201, 203, 227.2, 227.3"; (2) attorneys' fees and costs; (3) restitution of wages; (4) special damages; (5) general damages, (6) costs; and (7) interest on any judgment (Compl., p. 9.) Defendant disputes that Plaintiff is entitled to any such relief. Nevertheless, as discussed further below, the relief sought by Plaintiff based on the

allegations and claims in his Complaint far exceeds the threshold needed to invoke diversity jurisdiction.

24. ***Unpaid Wages:*** Plaintiff alleges that, each year, he accrued vacation pursuant to Defendant's "vacation policy" which allowed him to accrue vacation that was allegedly due and owed to him at the time of his resignation on April 2, 2021. (Compl., ¶ 11.) Plaintiff alleges that he accrued four hundred and thirty (430) days' worth of vacation wages that were earned but unpaid. (*Id*). At the time of his separation of employment, Plaintiff's annual salary was $120,300, with an hourly rate of $57.84 and an approximate daily rate of $462.72 (8 hours at his hourly rate). (Compl., ¶ 8.) Thus, the potential amount in controversy on his unpaid wage claim is at least **$198,969.60** ($462.72/day x 430 days).

25. ***Waiting Time Penalties:*** Plaintiff also seeks statutory waiting time penalties pursuant to California Labor Code §§ 201-230 based on his allegation that Defendant failed to pay all wages owed at the time of Plaintiff's separation of employment. (Compl., ¶¶ 24-30.) Under Section 203, terminated employees who are not paid all wages owed at the time of separation from employment may recover a penalty that is equal to their daily wage up to a maximum of 30 days. Cal. Labor Code § 203(a). At the time of his separation of employment, Plaintiff's annual salary was $120,300, with an hourly rate of $57.84 and an approximate daily rate of $462.72 (8 hours at his hourly rate). (Compl., ¶ 8.) Thus, the potential amount in controversy on his waiting time penalties claim is at least **$13,881.60** ($462.72/day x 30 days).

26. ***Attorneys' Fees:*** Finally, Plaintiff seeks attorneys' fees to the extent recoverable by statute. (Compl., ¶¶ 7, 16, 23, 36, p. 9.) In determining whether the amount in controversy exceeds $75,000, this Court may estimate the amount of reasonable attorneys' fees Plaintiff will incur through trial. *See Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that attorneys' fees may be taken into account to determine jurisdictional amounts "if a statute authorizes fees to a successful litigant."); *see also Brady v. Mercedes USA, Inc.*, 243 F. Supp. 2d 1004,

1010-11 (N.D. Cal. 2002). "[T]he Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *Cain v. Hartford Life & Accident Ins.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012). Indeed, attorneys' fees tend to be high in employment law cases. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's experience, attorneys' fees in employment law cases often exceed the damages).

27. Assuming a reasonable rate of $300 per hour, Plaintiff's counsel would only need to spend about 250 hours (about 6.25 weeks) litigating this matter to incur **$75,000** in attorneys' fees ($300 x 375 = $75,000).

28. Summary of Amount in Controversy. Although Defendant denies Plaintiff's factual allegations or that he is entitled to the relief for which he has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $75,000 threshold set forth under 28 U.S.C. § 1332(a). Based on the conservative calculations outlined above, the approximate total amount in controversy is as follows: (a) Unpaid Wages – at least **$198,969.60**; (b) Waiting Time Penalties - **$13,881.60**; and (c) Attorneys' Fees – at least **$75,000**. These amounts total **$287,851.20**, which far exceeds the jurisdictional minimum.

## V. NO WAIVER OF DEFENSES

29. By removing this action from the Superior Court of California, County of Riverside, to the United States District Court for the Central District of California, Defendant does not waive any defenses available to it nor admits any of the allegations in Plaintiff's Complaint.

## VI. CONCLUSION

30. Because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, Defendant respectfully requests this Court exercise its removal jurisdiction over this action, and that this action

pending in the Superior Court of California, County of Riverside (Case No. CVSW2103001) be removed from the Superior Court to this Court.

Dated: June 18, 2021 CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: /s/ Barbara I. Antonucci
Barbara I. Antonucci
Tiffany Hansen
Nicholas Morrell
Attorneys for Defendant
JOHNS MANVILLE